UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


JAMES M. CLARKSTON, JR. and                    CIVIL ACTION
MARVETTE WALKER CLARKSTON

VERSUS                                          NO. 06-4474

ALLSTATE INSURANCE COMPANY,                    SECTION "F"
NATIONAL FLOOD INSURANCE PROGRAM,
CHASE HOME FINANCE, LLC,
JOHN ELLIOT, JR., INC., AND JOHN STONEY ELLIOT


ORDER AND REASONS

Before the Court is Chase Home Finance's motion to dismiss. For the reasons that follow, the motion to dismiss is GRANTED.

Background

James and Marvette Clarkston own a house in New Orleans East that was damaged by Hurricane Katrina. Before the storm, they had purchased flood insurance under the National Flood Insurance Program through Allstate, which provided $110,500 in coverage for the primary structure and $15,000 for the contents. The Clarkston's home suffered property damage from flooding: $162,330 to the structure and $77,200 to the contents.

On January 5, 2005, Chase Home Finance informed Allstate that it had taken over as the holder of the Clarkston's mortgage. However, when Allstate increased the flood insurance policy premium, it failed to notify Chase; accordingly, the amounts paid out of escrow to Allstate to cover the Clarkston's flood insurance

1

premiums were deficient.[1]  When the Clarkstons made a flood damage claim with Allstate, Allstate refused to pay the full amount of the original policy coverage due to the reduction in coverage resulting from the premium deficiency.

The Clarkstons sued Allstate, Chase, their insurance agent and his company to recover damages.  Chase now moves to dismiss the plaintiffs' breach of fiduciary duty claim.

I.

Federal Rule of Civil Procedure 12(b)(6) calls for dismissal when the plaintiff "fail[s] to state a claim upon which relief can be granted." When considering a motion to dismiss under Rule 12(b)(6), courts must accept the "plaintiff's factual allegations as true," and will not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  <u>Drs. Bethea, Moustoukas & Weaver LLC v. St. Paul Guardian Ins. Co.</u>, 376 F.3d 399, 403 (5th Cir. 2004) (quoting <u>Blackburn v. Marshall</u>, 42 F.3d 925, 931 (5th Cir. 1995)).  "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." <u>Id.</u> (quoting <u>Fernandez-Montes v. Allied Pilots Ass'n</u>, 987 F.2d 278, 284 (5th Cir. 1993)).

II.

---

[1] On August 23, 2005, Allstate sent a letter to the Clarkstons telling them that they had 30 days to pay the premium shortage.

Chase seeks dismissal of the plaintiffs' fiduciary duty claim against it, contending that the Clarkstons fail to allege the existence of a special relationship or written agreement between plaintiffs and Chase that would give rise to a fiduciary relationship.  The Court agrees.[2]

Louisiana Revised Statute 6:1124 expressly limits the imposition of a fiduciary duty on a company like Chase:

> No financial institution or officer or employee thereof shall be deemed or implied to be acting as a fiduciary, or have a fiduciary obligation or responsibility to its customers or to third parties other than shareholders of the institution, unless there is a written agency or trust agreement under which the financial institution specifically agrees to act and perform in the capacity of a fiduciary.  The fiduciary responsibility and liability of a financial institution or any officer or employee thereof shall be limited solely to performance under such a contract and shall not extend beyond the scope thereof. Any claim for breach of a fiduciary responsibility of a financial institution or any officer or employee thereof may only be asserted within one year of the first occurrence thereof.  This Section is not limited to credit agreements and shall apply to all types of relationships to which a financial institution may be a party.

The Clarkstons' complaint alleges that "Chase had a duty to plaintiffs to inquire and pay the correct amount of premiums due under the flood policy since Chase was a fiduciary handling and administering escrow funds that were to be used for that purpose."

---

[2] Chase hardly seems an appropriate target.  Allstate's conduct will receive the necessary scrutiny on the merits.

Louisiana law imposes no such duty, absent some special relationship or written agreement.  The plaintiffs do not assert the existence of a special relationship or the existence of any written agreement expressly creating a fiduciary duty claim.  The plaintiffs fail to state a claim against Chase.

Accordingly, Chase's motion to dismiss is hereby GRANTED.  The plaintiffs' claim against Chase Home Finance is hereby dismissed with prejudice.

New Orleans, Louisiana, January 16, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE