```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


JAMES M. CLARKSTON, JR. and                    CIVIL ACTION
MARVETTE WALKER CLARKSTON

VERSUS                                         NO. 06-4474

ALLSTATE INSURANCE COMPANY,                    SECTION "F"
NATIONAL FLOOD INSURANCE PROGRAM,
CHASE HOME FINANCE, LLC,
JOHN ELLIOT, JR., INC., AND JOHN STONEY ELLIOT
```

                            ORDER AND REASONS

Before the Court is the plaintiffs' motion for reconsideration of the granting of Chase Home Finance LLC's motion to dismiss and alternatively motion for leave to amend their complaint. For the reasons that follow, the motion for reconsideration is DENIED.

                               Background

James and Marvette Clarkston own a house in New Orleans East that was damaged by Hurricane Katrina. Before the storm, they had purchased flood insurance under the National Flood Insurance Program through Allstate, which provided $110,500 in coverage for the primary structure and $15,000 for the contents. The Clarkston's home suffered property damage from flooding: $162,330 to the structure and $77,200 to the contents.

Chase, the mortgage holder, paid the wrong amount in flood insurance premiums to Allstate.[1] When the Clarkstons made a flood

---

[1] On August 23, 2005, Allstate sent a letter to the Clarkstons telling them that they had 30 days to pay the premium

damage claim with Allstate, Allstate refused to pay the full amount of the original policy coverage due to the reduction in coverage resulting from the premium deficiency.  The Clarkstons sued Allstate, Chase, their insurance agent and his company to recover damages.  Chase moved to dismiss the plaintiffs' fiduciary duty claim against it for failure to state a claim.

On  January 16, 2007, the Court granted Chase's motion.  Ten days later, the plaintiffs filed this motion asking the Court to reconsider its ruling.

I.

Although the Federal Rules of Civil Procedure do not recognize a motion for reconsideration, the Fifth Circuit has held that such motions, if filed within ten days after entry of judgment, must be treated as motions to alter or amend under Rule 59(e); if filed after ten days, the Court must hold them to the more stringent standards of a Rule 60(b) motion for relief from judgment.[2] Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075, n. 14 (5th Cir. 1994) (*en banc*).

Because the present motion for reconsideration was filed within ten days of entry of the Court's Order granting Chase's

---

shortage.

[2] The Clarkstons do not bother in their brief to address the standard applicable to their motion for reconsideration.

motion to dismiss and questions the correctness of the Court's ruling, the Court treats it as a motion under Federal Rule of Civil Procedure 59(e).  See, e.g., U.S. v. Deutsch, 981 F.2d 299 (7th Cir. 1992) (substantive motion served within ten days is treated as a motion under 59(e)); U.S. v. One Dodge Pickup, 959 F.2d 37 (5th Cir. 1992) (motion that calls into question the correctness of the court's ruling is treated as a motion under Rule 59(e)).

Because of interest in finality, motions for reconsideration may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously.  Templet v. Hydrochem, Inc., 367 F.3d 473, 478-79 (5th Cir. 2004).  Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings.  See id. at 479; Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990).  The grant of such a motion is an "extraordinary remedy."  Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc., No. 04-30142, 2004 WL 2554847, at *4 (5th Cir. Nov. 11, 2004) (citing Templet v. Hydrochem, Inc., 367 F.3d 473, 479 (5th Cir. 2004)).

II.

The Clarkstons persist with the same arguments that failed to persuade the Court to deny Chase's motion to dismiss its fiduciary claim.  But the Clarkstons have not shown that the Court made a

3

mistake of law or fact in granting Chase's Rule 12(b)(6) motion.

The Clarkstons (again) contend that Chase's motion to dismiss is without merit because "[a]side from breaching its fiduciary duties Chase of course can also be liable to Plaintiffs under other theories as well such as negligence, detrimental reliance, and misrepresentation." However, the plaintiffs again fail to direct the Court to allegations of fact in their complaint that would support of any such claims. In paragraphs 11 through 13 of their complaint, the plaintiffs allege in part that:

> 11.
> [U]pon information and belief Allstate failed to notify Chase of the actual amount due to renew the flood insurance policy for the same level of coverage even though Chase had advised Allstate that it had taken over as mortgage holder by letter dated on or about January 5, 2005.
> 12.
> Allstate's refusal to pay the full amount of coverage is arbitrary, capricious, and without probable cause....
> 13.
> Alternatively, Chase had a duty to plaintiffs to inquire and pay the correct amount for the premiums due under the flood policy since Chase was a fiduciary handling and administering escrow funds that were to be used for that purpose, and, accordingly, Chase is liable to plaintiffs for any damages and losses they may have suffered as a result thereof.

Chase moved to dismiss the only claim arguably asserted against it -- a claim for breach of fiduciary duty -- and the Court granted the motion based on Louisiana R.S. 6:1124, which expressly limits the imposition of a fiduciary duty on a company like Chase in the

absence of a written agreement.  Based on the facts as alleged by the plaintiffs in their complaint, the Court determined that the plaintiffs failed to state a claim upon which relief could be granted.

The Clarkstons fail to convince the Court that the extraordinary remedy of granting reconsideration is warranted.  The plaintiffs merely recycle the same arguments they asserted in opposition to Chase's motion to dismiss; they have not shown that there was a mistake of law or fact in the Court's prior ruling. Nor do the Clarkstons present new evidence that undermines the Court's January 16, 2007 Order.

II.

Alternatively, the Clarkstons urge the Court to permit the plaintiffs to amend their complaint to properly state a claim against Chase, contending that Chase paid the wrong premium amount to Allstate and "Chase may in fact be the sole party liable to Plaintiffs depending on what the Court finds the other defendants did or did not do."

The Clarkstons do not address the standard the Court should apply to their request.  Thus, the Court assumes that plaintiffs do not dispute the standard applicable to their request for leave to amend their complaint under the circumstances:  "[p]ost-judgment amendment to a complaint can only occur once the judgment itself is vacated under Rule 59(e)."  See Heimlich v. Harris County, Texas,

81 Fed. Appx. 816, 2003 WL 22770144, at * (5th Cir. 2003) (citing Vielma v. Eureka Co., 218 F.3d 458, 468 (5th Cir. 2000)).  The Fifth Circuit has instructed that "[i]n cases where a party seeks to amend a complaint after entry of judgment, 'we have consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling.'" Id. (citing Briddle v. Scott, 63 F.3d 364, 380 (5th Cir. 1995)).

   The Court has declined to grant reconsideration of its order dismissing the plaintiffs' fiduciary duty claim against Chase.  And the plaintiffs provide no support for their position that the Court should grant leave to amend their complaint, nor do they provide any explanation why permission for such amendment was not requested before this time.

   Accordingly, the plaintiffs' motion for reconsideration of the granting of Chase Home Finance LLC's motion to dismiss and alternatively motion for leave to amend their complaint is DENIED.

                         New Orleans, Louisiana, February 28, 2007.


                         _____
                              MARTIN L. C. FELDMAN
                         UNITED STATES DISTRICT JUDGE