FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 APR 24  AM 11: 45

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PLAINTIFFS | * | CIVIL ACTION |
| | * | |
| VERSUS | * | RE: KATRINA LITIGATION |
| | * | |
| STATE FARM FIRE AND CASUALTY | * | SECTION F: JUDGE FELDMAN |
| COMPANY | * | |
| | * | MAGISTRATE: SHUSHAN |

and

PLAINTIFFS

VERSUS

ALLSTATE INSURANCE COMPANY
* * * * * * * * * * * * * * * * * * * * * * * *

## <u>CASE MANAGEMENT ORDER NO. 2</u>

Having considered the comments and proposals of Defendant Liaison and Plaintiff Liaison, the Court enters this Case Management Order No. 2.

## I.    <u>APPLICABILITY OF THIS ORDER</u>

The terms of this Case Management Order are effective as of the date of the filing of the Case Management Order, and shall apply, without further order of this Court, to any case currently subject to this Court's Case Management Order No. 1 and to any State Farm Fire and Casualty Company and/or Allstate Insurance Company Hurricane Katrina case subsequently

____ Fee_____
____ Process_____
_X_ Dktd _____
____ CtRmDep___862736v.2_
____ Doc. No_____

filed in, transferred to, or removed to Section F of the United States District Court for the Eastern District of the State of Louisiana. This CMO does not apply to any class actions or NFIP issues pending in this Section. Counsel should note that additional flood matters are being addressed in CMO 3. Defendants shall promptly serve a copy of this Order on counsel of record in all new actions, which shall then trigger the commencement of all time periods provided for herein.

## II.   COMMUNICATION WITH PLAINTIFF LIAISON COUNSEL

In order to promote better communications, plaintiff attorneys affected by this Order shall send an email to Plaintiffs Liaison at edla_liaison@kanner-law.com to ensure they are added to the master e-mail list.

## III.   SUPPLEMENTAL DISCLOSURES

Defendants will produce, to the extent they exist in nonprivileged, recoverable form and were not already produced in initial disclosures, the following additional materials to Plaintiff Liaison, the Plaintiff's attorney handling the claim, and Professor McGovern, pursuant to a confidentiality agreement, within 30 days of entry of this Order:

    A.    E-mails that directly relate to the adjustment of the file/claim associated with the lawsuits governed by this order, which can be reasonably identified, to and from the insurer mailboxes of those persons who participated in the adjustment, with the understanding that State Farm began collecting email of persons who participated in the handling of these claims on November 15, 2005 and that Allstate maintained a policy that all electronic communication from adjusters occurred within its IntegriClaim system and not via e-mail. This includes all e-mails or computerized notes send from adjusters in the field from any personal digital assistant (PDA) or laptop computer, and all attachments to those e-mails.

-2-

862736v.2

**B.** All adjuster reports, including drafts, submitted to the Defendant but excluding all electronically created backup files not submitted to the Defendant.

**C.** All correspondence and reports submitted by contractors to the Defendant as regards the claim and all correspondence and reports submitted by Defendant to a contractor as regards the claim.

**D.** All price lists used by the estimatics software to adjust claims for the state of Louisiana from 8/29/2005 to the present, denoted by location and quarter to the extent they are noted as such, and subject to a confidentiality agreement and a protective order. This will be produced only to Plaintiff's Liaison Counsel and Professor McGovern, but not to individual Plaintiffs' attorneys. Plaintiff's Liaison Counsel can share price lists with individual plaintiffs' attorneys insofar as the price list was used on that attorney's client's claim. Individual Plaintiffs' attorneys seeking the price list shall contact Plaintiff Liaison Counsel.

## IV.   THREE-TRACK SYSTEM

In order to expedite settlement and facilitate faster trials, according to the intentions of the individual parties, cases will be grouped according to the preference of individual plaintiffs for the course of their respective claims. A claimant will enter one of three tracks for progress toward settlement or litigation, the track to be selected at the election of the individual plaintiff. As discussed more fully below, a plaintiff may elect Track 1 (Settlement Track), and commence settlement negotiations under the terms of this Order; Track 2 (Fast Track), and obtain a trial date with the expectation of individualized claim discovery under the terms of this Order, with no participation in common issue discovery; or Track 3 (Common Issue Track), and participate in and share the cost of common issue discovery under the terms of this Order.

862736v.2

**Track Selection.** Within 40 days of entry of this Order, each plaintiff shall notify Defendant Liaison and Plaintiff Liaison in writing if he or she wishes to be included in either the Settlement Track, the Fast Track, or the Common Issue Track. Otherwise, the Plaintiff's claim will be placed by default in the Common Issue Track. A Plaintiff may change a Track selection at any time by notifying Defendant Liaison and Plaintiff Liaison of the decision in writing, unless a trial date has been set, in which case the Plaintiff must first obtain consent of the Defendant and leave of Court, upon good cause shown. However, no Plaintiff may change a Track selection more than once, without leave of Court upon good cause shown. It is the responsibility of Defendant Liaison to maintain a list of all the cases in each particular track, and make this information available to Plaintiff Liaison upon request.

Discovery as discussed in this Section, including Interrogatories, Requests for Production of Documents, Request for Admissions, site inspections, and the number and type of depositions that may be taken in this litigation is regulated by this Order and the Track selected by the Plaintiff. Discovery shall otherwise be conducted in accordance with Federal Rules of Civil Procedure 26-37 and the Uniform District Court Rules (Eastern District Rules).

A.    **Settlement Track.** Any Plaintiff, after having received their initial disclosures pursuant to Case Management Order No. 1, may decide to focus on settlement discussions rather than continue to litigate. If electing the Settlement Track, Plaintiff must notify Defendant Liaison and Plaintiff Liaison counsel in writing within 40 days of the entry of this Order of the election to enter the Settlement Track.

1.    **Timing.** Selection of the Settlement Track will not automatically stay any case with a scheduled trial date. Parties seeking a stay shall petition the Court.

-4-

**2.      Dispute Resolution.**  The sooner that information is exchanged by the parties, the sooner resolution of a claim is possible.  With this in mind, each Plaintiff is to submit to his or her respective insurer a settlement demand specifying the amount allocated to each coverage type (Coverage A, damage to dwelling; Coverage B, contents; Coverage C, additional living expenses), along with any documentation of repair or replacement costs and/or other expenses incurred or an estimate from the vendor (contractor, etc.) for costs to be incurred. Within 45 days of receipt of the demand and documentation, the counsel for the insurer will respond in writing or by telephone call to Plaintiff's counsel to discuss remaining issues and/or potential settlement, including the possibility of scheduling a face-to-face meeting.  At some point in the process, and possibly within the 45-day period, the insurer may request a reinspection of the property, through counsel.  Plaintiffs will cooperate in scheduling the reinspection at a mutually convenient time to facilitate possible resolution of the claim.

**3.      Discovery in Settlement Track.**  While in the Settlement Track, no discovery obligations are imposed on Plaintiffs beyond that set forth by the individual designated by the Court.  But if a Defendant feels that a Plaintiff is not acting in good faith, it can approach this Court or the individual designated by the Court to ask that a Plaintiff be removed from the Settlement Track.  Subject to the provision of this Order that limits a plaintiff to one move from the track initially selected by that Plaintiff and subsection 5 below (**Unsuccessful Settlement Negotiations**), if a Plaintiff feels that a Defendant is not acting in good faith, he or she can approach the Court or the individual designated by the Court to ask that

862736v.2

the case be moved from the Settlement Track to either the Fast Track or the Common Issues Track.

**4.      Report to Court.**  By the 70th day after electing Settlement Track, the Plaintiff will provide to Plaintiff Liaison Counsel and the Defendant will provide to Defendant Liaison Counsel reports on the general status and progress of the settlement discussion and/ or a list of cases that have settled.  Within 120 days of entry of this order, Liaison Counsel will file a joint report to the Court regarding the status of cases in the Settlement Track.

**5.      Unsuccessful Settlement Negotiations.**  Subject to the provisions of this Order, a Plaintiff may request a transfer from the Settlement Track to the Fast Track or the Common Issues Track, but only after producing to the Defendant a written demand, indicating the separate amounts demanded for Coverage A (property), Coverage B (contents), Coverage C (ALE), and bad faith damages, as applicable, followed by an unsuccessful settlement negotiation effort.

**B.      Fast Track.**  A Plaintiff who elects the Fast Track will be allowed to conduct additional, case-specific discovery, and when appropriate to the progress of the individual case, will be given a trial date.  If electing the Fast Track, Plaintiff must notify Defendant Liaison and Plaintiff Liaison counsel in writing within 40 days of the entry of this Order of the election to enter the Fast Track.  If a Plaintiff does not initially select the Fast Track, that party can transfer to the Fast Track only after notice to Defendant Liaison and Plaintiff Liaison in writing, and subject to the provisions of this Case Management Order.

**1.      Timing.**  Previously set deadlines and trial dates for all Fast Track cases will remain unless vacated by the Court upon good cause shown by a party.

862736v.2

**2.    Limited Discovery.**  A Plaintiff in the Fast Track litigation program foregoes written discovery propounded to a Defendant on institutional and corporate issues and Fed. R. Civ. P. 30(b)(6) depositions of Defendants. However, Plaintiffs are entitled to permitted to seek written discovery and depositions of claim-specific adjusters and experts, in accordance with this Order. Depositions shall proceed according to a scheduling order as provided for in Section 4 below.  All witnesses within a party's control will be produced within the State of Louisiana for depositions upon the request of a party at a mutually convenient date and time.  Defendants will stipulate to the authenticity and completeness of documents Defendants produce pursuant to CMO 1 entered by this Court, which documents could otherwise have been established as authentic and complete through a deposition of a Defendant's employee.

**3.    Expert Discovery.**  Expert discovery shall proceed according to a scheduling order filed jointly by Plaintiff and Defendant.  Nevertheless, the parties are not precluded from conducting expert discovery prior to entry of the scheduling order, by mutual agreement.

**C.    Common Issue Track.**  This track applies to those parties seeking discovery on general, non-claim specific corporate conduct, including non-claim specific documents and/or general Defendant employees and/or officers.

**1.    Written Discovery.**  Plaintiff Liaison, after conferring with Plaintiffs selecting the Common Issue Track, shall present Defendants with coordinated written discovery regarding general corporate practices and procedures.

-7-

862736v.2

**a.**     Plaintiffs shall jointly propound a Master Set of Interrogatories, Requests for Admissions, and Requests for Production, presented by the Plaintiff Liaison to Defendant Liaison no later than 60 days from entry of this Order.

**b.**     The number of Master Interrogatories, including subparts, shall be limited to 25, absent further order of the Court.

**c.**     The number of Master Requests for Admissions, including subparts, shall be limited to 25, absent further order of the Court.

**d.**     Contention Interrogatories and Requests for Admission are not to be propounded until completion of deposition discovery.

**e.**     Defendant shall produce its responses to Master Discovery to Plaintiff Liaison within 60 days of receipt by Defendant of the Master Discovery requests.

**f.**     The parties may propound case-specific Interrogatories, Requests for Production of Documents and Requests for admissions in conformity with Federal Rules of Civil Procedure and the Uniform Local Rules fir the Eastern District of Louisiana.

**2.**     **Initial 30(b)6 Depositions**

**a.**     Plaintiffs shall be entitled to depose general knowledge Defendant employees and/or officers concerning issues common to all Hurricane Katrina related claims.  Except for good cause shown, such witnesses shall be deposed only once, no more than three attorneys for Plaintiffs may ask questions of such witnesses, the deposition may last no more than seven

862736v.2

(7) hours, and their depositions will be deemed to have occurred in all cases in this track. Accordingly, on or before 60 days from the entry of this order, Plaintiff Liaison shall submit to the Court a list of initial Defendant general knowledge witnesses they seek to depose or a list of areas of inquiry for which the deposition of a corporate representative of a Defendant is required. On or before 30 days after submission of Plaintiff Liaison's list, Defendant shall serve any objections to the proposed list of general knowledge witnesses or areas of inquiry. Thereafter, for the witnesses or areas to which no objection is made, the depositions of a Defendant's general knowledge witnesses shall commence on or before 30 days, and proceed in a scheduling track to be agreed upon by the parties. Unless otherwise agreed between counsel for the parties, the depositions of a Defendant's general knowledge witnesses shall be conducted in Louisiana. For any witnesses or areas to which objection is made, those depositions shall proceed only as ordered by the Court after a hearing to resolve the matter (or seek resolution from the Magistrate). Through the course of these initial depositions, if Plaintiff Liaison Counsel believes there arises a need for additional 30(b)6 depositions, Plaintiff Liaison Counsel will petition the Court.

**b.**     All witnesses within the control of a party will be produced within the State of Louisiana for depositions.

862736v.2

**3.     Confidentiality/Protective Order.** All common issue discovery shall be subject to an appropriate confidentiality/protective order to be issued by this Court.

**4.**     The common issue discovery procedure set forth above for the Common Issue Track is the only form of discovery allowed for institutional and corporate issue discovery and shall not be duplicated or sought in any other form in any individual case pending in this Section and subject to this order.

**5.     Trial Settings.** Allocation of trial dates for the Common Issue Track cases will be made upon request, but in deference to requests for trial dates by Fast Track Plaintiffs.

## V.     COMMON ISSUES

If any legal issue that may apply in more than one of the cases in the Fast Track or the Common Issue Track is raised by a motion of law, Plaintiff will notify Plaintiff Liaison, Defendant will notify Defendant Liaison, and Liaison Counsel will notify each other.

## VI.     CONCLUSION

All plaintiffs' attorneys will meet with Plaintiffs Liaison Counsel and Professor McGovern in this Court on Friday, April 27th at 9:30 a.m. to discuss the three track system.

SO ORDERED this the 24th day of _APRIL_, 2007.

_____
UNITED STATES DISTRICT JUDGE

-10-

862736v.2