# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PLAINTIFFS | * | CIVIL ACTION |
| VERSUS | * | RE: KATRINA LITIGATION |
| ALLSTATE / STATE FARM FIRE AND CASUALTY COMPANY | * | SECTION F: JUDGE FELDMAN |
| | * | MAGISTRATE SHUSHAN |

## CASE MANAGEMENT ORDER NO. 4: MEDIATION

Pursuant to Fed. R. Civ. P. 16 and the inherent powers of this Court, this Court supplements its prior Case Management Order No. 2 to establish guidelines for a mediation option for those electing to proceed on the Settlement Track, which shall be called the Mediation Settlement Track. All provisions of Case Management No. 2 that apply to the Settlement Track apply to the Mediation Settlement Track.

This Case Management Order does not apply to class actions or to the pure NFIP cases subject to Case Management Order No. 3.

The Court further orders as follows:

1. **Track Selection.** Any Plaintiff, after having received their initial disclosures pursuant to Case Management Order No. 1, and having selected the Settlement Track, may decide to pursue mediation to attempt to settle their claims. A Plaintiff who has elected mediation must notify the Administrator of the mediation program, Professor Francis McGovern (American Arbitration Association, Attn: Katrina Litigation, 200 S. College St. Suite 1800, Charlotte, NC 28226), Defendant Liaison and Plaintiff Liaison counsel in writing of his or her request for mediation.

2. **Administrator.** The Mediation Settlement Track will be administered by Professor Francis McGovern ("Administrator"), in conjunction with the American Arbitration Association. The Administrator shall be responsible for any global settlement process. Mediators will be selected from a list of mediators to be agreed by the parties and/or a panel of American Arbitration Association mediators approved by this Court, which list will be sent to the parties by the Administrator upon notification by plaintiff that the mediation process has been selected. The fees and cost of the Administrator will be shared equally, with 50% paid by the plaintiffs and 50% paid by the defendant insurers.

3. **Scheduling of Mediation.** The parties will agree to a mediator within five (5) days of the Administrator's initial letter transmitting the list of potential mediators. If the parties cannot agree, the Administrator shall select a mediator from the agreed upon and approved list and schedule the mediation conference. The Administrator will attempt to facilitate reduced travel and expense to the parties and the mediator when selecting a mediator and scheduling the mediation conference. The Administrator shall confer with the mediator and all parties prior to scheduling a mediation conference. The conference shall be scheduled within 21 days from the date the Administrator received the request. The Administrator shall notify each party in writing

of the date, time and place of the mediation conference at least 14 days prior to the date of the conference. Mediations shall be scheduled in the order in which they are received and shall be staggered so as to allow sufficient time for the parties to prepare for the mediations. The insurer shall notify the Administrator as soon as possible after settlement of any claim that is scheduled for mediation. Unless the parties agree otherwise, this mediation will take place in the courthouse for the United States District Court for the Eastern District of Louisiana.

4.      **Costs of Mediation.** The insurer shall pay the logistical costs of the mediator, except that the plaintiff will pay $100.00 of the mediator's fee. The plaintiff shall pay $100.00 and the insurer shall pay the balance of the mediator's fee ($400.00) not later than 5 days prior to the date scheduled for the mediation conference. If the mediation is cancelled for any reason more than 48 hours prior to the scheduled mediation, the plaintiff will be refunded the $100.00 fee paid and the insurer will be refunded the balance of the fee paid. No refund will be paid to any party if the mediation is cancelled within 48 hours of the scheduled time for mediation. A party's and/or counsel's failure to attend and participate in this mediation, without good cause, as determined by the Administrator, shall result in the imposition of appropriate sanctions.

5.      **Mediation Memoranda/Submissions.** At least 10 days before the mediation is scheduled by the Administrator, the parties shall submit to the designated mediator a confidential memorandum, no more than three pages in length, setting out the following information:

(a)     The limits of liability under the policy or policies sued upon;

(b)     The amount of damage claimed under the policy or policies, separated by damage to structures and damage to contents;

(c)     The settlement demand, if any, that has been made by the plaintiff, separated by the amount (if any) demanded for damage to structures, the amount (if any)

demanded for damage to contents, and the amount (if any) demanded under any other applicable coverages;

(d) The identity of any persons or entities who may hold a lien, mortgage or other encumbrance on the property that is the subject of the plaintiff's claim or an assignment of the plaintiff's claim against his or her insurer that is the subject of the mediation,;

(e) The amount that has been offered by the insurer, if any, for the damage claimed under the policies, separated by the amount (if any) offered for damage to structures, the amount (if any) offered for damage to contents, and the amount (if any) offered under any other applicable coverages;

(f) The nature of the claims, defenses, and any relevant issues. Any documentary or other material either party, through counsel, wishes the opposing party, through counsel, to take into consideration must be furnished to the opposing party's counsel at least 10 days before the scheduled mediation. This material shall NOT be furnished to the Administrator or the mediator in advance of the mediation, but may be considered at the mediation in evaluating and discussing the merits of the claims and defenses. This material (or a brief description or summary of it) includes photographs, videos, appraisal reports, engineering reports, itemizations, damage estimates, or other relevant written evidence.

6. **Mediation Conference.**

(a) If applicable, a party may move to disqualify a mediator for good cause at any time. The request shall be directed to the Administrator. If the grounds are known prior to the mediation conference, the request shall be made to the Administrator prior to

the conference. Good cause consists of conflict of interest between a party and the mediator, inability of the mediator to handle the conference competently, bias, or other reasons that would reasonably be expected to impair the conference. The Administrator's decision on a motion to disqualify a mediator may be appealed to the Court by either party within 5 days of the Administrator's decision.

(b) The mediator will be in charge of the mediation conference and will establish and describe the procedures to be followed. This mediation will have a basic time limit of no more than three hours at a rate of $500.00 per case, unless in the judgment of the mediator substantial progress is being made toward settlement, then the parties may agree to extend the mediation and pay the mediator at his or her negotiated rate. Unless otherwise agreed, each party shall attend the mediation and each party shall be represented at the mediation by only one counsel of record, and no other representative or person may appear at the mediation on behalf of any party or their counsel. Each party will be given an opportunity to present their side of the controversy. In so doing, parties may utilize any relevant documents. The mediator may meet with the parties separately, encourage meaningful communications and negotiations, and otherwise assist the parties to arrive at a settlement.

(c) The parties are admonished to cooperate with the mediator in a good faith effort to resolve any disputed issues of liability and damages susceptible of resolution by agreement of the parties. The mediator shall terminate the conference if the mediator determines that either party is not negotiating in good faith.

(d) In the event a party or counsel does not have maximum settlement authority, each party shall have immediate access, by telephone or in person, to an

individual who is authorized to approve or decline proposed settlements. Insurance company representatives shall have immediate access, by telephone or in person, to an individual who has authority to authorize settlements in an amount at least up to or beyond the policy limits of the insurance contracts that have been sued upon. Other than cell phones, no other communication or recording devices of any kind shall be allowed in the mediation.

(e)   This mediation will be subject to Rule 408 of the Federal Rules of Evidence.

(f)   The mediator is hereby empowered to contact the Administrator as to any issue that must be resolved in the course of the mediation.

7.   **Post Mediation.**

(a)   At the close of the mediation conference, the mediator shall provide the Administrator, Defendant Liaison, and Plaintiff Liaison a mediator's status report indicating whether or not the parties reached a settlement. If the parties reached a settlement, the mediator shall include a copy of the settlement agreement only with the status report sent to the Administrator, and not the reports sent to Defendant Liaison, and Plaintiff Liaison.

(b)   If the plaintiff decides not to participate in the mediation process or if the parties are unsuccessful at resolving the claim, the plaintiff must request transfer to the Fast Track or Common Issues Track by notifying Defendant Liaison and Plaintiff Liaison counsel in writing within 30 days following the mediation, unless the parties agree otherwise.

8. **Private Mediation.** It is the policy of the Court to support and encourage the voluntary resolution of claims. In the event the parties wish to undertake private mediation in lieu of participation in this mediation program, their counsel shall inform the Court in writing. All counsel shall report to the Court when the private mediation was held and what was its result. Failure to satisfy any of these requirements shall result in the imposition of appropriate sanctions.

9. **Confidentiality of Mediation Discussions.** Parties electing the Mediation Settlement Track agree that all communications, correspondence, discussions, and offers of settlement made pursuant to a mediation under this order or as a "private mediation" contemplated in paragraph 8 above will be kept confidential and not disclosed or discussed with any person, party, or entity not a participant to the mediation.

SO ORDERED this the 26th day of June, 2007.

Martin L. C. Feldman
UNITED STATES DISTRICT JUDGE