UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| PLAINTIFFS | * | CIVIL ACTION |
|---|---|---|
| | * | |
| VERSUS | * | RE: KATRINA LITIGATION |
| | * | |
| ALLSTATE / STATE FARM FIRE AND | * | JUDGE: FELDMAN |
| CASUALTY COMPANY | * | |
| | * | MAGISTRATE: SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CASE MANAGEMENT ORDER NO. 5

The Court enters this Case Management Order No. 5 to provide for the organization and compensation of common benefit plaintiffs attorneys. This litigation has advanced to the point that it is appropriate to establish a fair system for the sequestration of a certain percentage of all payments by defendants to plaintiffs in fulfillment of obligations to settle claims as well as to satisfy judgments. These funds will be used to compensate plaintiffs' attorneys who contribute resources and/or time to the common benefit. Plaintiffs attorneys are invited to contribute time to the common benefit, such that all cases affected by this Order can be represented. Those attorneys interested are encouraged to contact Plaintiff Liaison Counsel, Allan Kanner of Kanner & Whiteley, L.L.C.

I. **APPLICABILITY OF THIS ORDER.** The terms of this Case Management Order shall apply to any Hurricane Katrina case involving Allstate or State Farm and its homeowner's

-1-

insureds currently filed in, subsequently filed in, transferred to, or removed to Section F of the United States District Court for the Eastern District of the State of Louisiana. This CMO does not apply to class actions, including but not limited to *Aguilar, et al. v. Allstate Fire & Casualty Insurance Company, et al.*, Case No. 06-4660, *Henry, et al. v. Allstate Insurance Co.*, Case No. 06-11217, *Proctor, et al. v. The State Farm Companies*, Case No. 06-5145, and *Melancon, et al. v. State Farm Insurance Company*, Case No. 06-5230, c/w *Nguyen, et al. v. St. Paul Travelers Insurance Company*, Case No. 06-4130. Defendants Allstate and State Farm shall promptly serve a copy of this Order on counsel of record in all new actions.

This order does not apply to pure flood claim cases which are addressed in Case Management Order No. 3.

## II.   COMMUNICATION WITH PLAINTIFF LIAISON COUNSEL

In order to promote better communications, plaintiff attorneys affected by this Order who have not already done so shall send an email to edla_liaison@kanner-law.com to ensure they are added to the Plaintiff Liaison's master e-mail list.

## III.   PLAINTIFF LIAISON COUNSEL COMMITTEE STRUCTURE

**A.   Duties of Plaintiff Liaison.** Allan Kanner has previously been appointed Plaintiff Liaison in this matter and granted various responsibilities, including those in CMO No. 1, Sec. IV.E. (1-3). As such, he has been granted the authority to manage the Plaintiffs Steering Committee and all work conducted by various subcommittees.

**B.   Plaintiff Steering Committee.** The Plaintiffs Steering Committee shall consist of the Chair of every subcommittee as shown below. Plaintiff Liaison Counsel shall chair the Plaintiffs Steering Committee.

C.  **Organization of Subcommittees.**  This Court also recognizes the organization of subcommittees and corresponding committee chairs by Plaintiff Liaison, including without limitation:

1. Case Management: Allan Kanner (Chair), Calvin Fayard, Soren Gisleson, Paige Rosato, James Williams.

2. Fast Track Trial and Discovery: Eric Nowak. (Chair), William Stephens.

3. Evidence: Walter Leger (Chair).

4. Common Issue Discovery: Anthony Irpino (Chair), Mark Glago, Shirin Harrell.

5. NFIP: Soren Gisleson (Chair), Gary Koederitz.

6. St. Bernard: Bruce Betzer (Co-Chair), Perry Nicosia (Co-Chair), Eric Bopp, Tony Fernandez, Walter Leger, Remy Starns.

7. Plaquemines: Charles Ballay (Co-Chair), Phil Cossich (Co-Chair).

8. Northshore: Paige Rosato (Chair).

9. Document Repository and E-Discovery: Todd Slack (Chair).

10. Shared Experts Subcommittee: Val Exnicios (Chair), Greg DiLeo, Walter Leger.

11. Law and Briefing: Conrad Williams III (Chair), Lisa Africk, Ryan Casey, Jackie Goldberg, Anthony Irpino.

The PSC will vote on approval of additional counsel to participate in common benefit work, and no attorneys other than those listed above will be eligible for common benefit work absent a written order from this Court. This committee list and composition may change as new committees and counsel are added. All plaintiffs counsel interested in participating are

encouraged to contact Plaintiff Liaison Counsel. Plaintiff Liaison will provide Defense Liaison and the Court the current lists as needed.

The Plaintiffs Committee has expressed a willingness to perform common benefit work in other Sections of the Court, and Plaintiff Liaison Counsel should keep the Court informed of its work in other Sections.

## IV. COMPENSATION FOR COMMON BENEFIT ATTORNEYS

A. **22:658 and 22:1220.** Plaintiffs' counsel reserve their right to seek compensation for their time and reimbursement for costs from Defendants under applicable law, including La. R.S. art. 22:658 and La. R.S. art. 22:1220.

B. **Common Benefit Fund.** All case recoveries will contribute to a common benefit fund in the following amounts:

1. Those plaintiffs initially choosing to enter the settlement track may be assessed up to 2% of the total settlement. Any settlements within 30 days of entry of this Order will not be assessed. That number will rise thereafter to 0.5% during the 30 days thereafter, and then to 1% for the 30 days thereafter, and then to 2% during the next 60 days. Parties who remain in the settlement track for more than 150 days will be assessed up to 5% of the total recovery. If the plaintiff pays a $100 assessment for mediation pursuant to CMO No. 4, the assessment will be reduced by that $100.

2. Those plaintiffs entering the fast track litigation program at any time may be assessed up to 4% of the total recovery, the final percentage determined on a case-by-case basis, and will turn largely on the proximity of the plaintiff's trial

date, their participation in other tracks, and/or their use of evidence, experts or legal research generated or compiled by common benefit attorneys.

3.  Those plaintiffs entering the common issue discovery litigation track at any time may be assessed up to 5% of the total recovery.

4.  All cost assessment percentages will be based on plaintiff's total recovery amount and will be subtracted from that amount before individual plaintiffs' attorneys operating on a contingency basis calculate their fee.

5.  Plaintiff Liaison Counsel and designated counsel, herein or in subsequent orders, reserve the right to apply for additional fees or cost reimbursement. The assessments set forth herein in no way cap or limit Defendant's exposure for fees and costs.

6.  The assessments will be placed in an escrow account maintained by the Plaintiffs Liaison Counsel.

7.  Plaintiff Liaison Counsel will apply to the Court for orders relative to making distributions from the fund.

C.  **Exemption for Pro Se / Pro Bono Litigants in Settlement Track.** Those cases involving only pro se litigants or attorneys representing a claimant for no fee are exempt from the case assessment provision of this CMO if they *initially* elect to enter the settlement track and resolve their case in that track.

D.  **Time Records.** Per Plaintiff Liaison Counsel's duty to delegate tasks to common benefit attorneys as established in CMO No. 1 Sec. IV(E), plaintiffs' counsel who anticipate seeking attorney's fees from the Court's assessment shall keep a daily record of their time spent and expenses incurred in connection with all Liaison assignments,

indicating with specificity the hours (in increments no greater than 1/10 hour) and particular activity. The failure to maintain such records will be grounds for denying fees, as will an insufficient description of the activity. Each month such records shall be submitted to Plaintiff Liaison Counsel. Time spent in other sections or on hourly billing is not to be re-billed here. Plaintiff Liaison will develop a separate term agreement to be signed by the common benefit attorneys.

E. **Payments from Defendant.** When making a payment to a plaintiff, the defendant shall include the Liaison Committee as payee ("Kanner & Whiteley, LLC"). The named plaintiff's attorney will then send a notarized letter to Plaintiffs Liaison including: (1) a copy of the payment by the defendant and (2) a timeline with precise dates indicating: when the case was filed in or removed to this Court, Plaintiff's initial track selection, and each subsequent track that Plaintiff entered into. Plaintiff Liaison Counsel will then notify plaintiff's counsel of the assessment in the case, and Plaintiff Liaison Counsel will then endorse payment subject to plaintiffs counsel written agreement to tender the assessment amount.

F. **Payment to the Administrator.** Payments to the Administrator, other than those contemplated in Case Management Order No. 4, shall be ordered by the Court and shall be born equally by Defendants and the common benefit fund.

G. **Assessment Dispute.** In the event there is a dispute as to the assessment, the parties can appeal to this Court.

H. **Allocation Dispute.** If there is a dispute among common benefit attorneys as to how the common benefit fund should be allocated, the parties will be subjected to binding arbitration which will be limited to the portion of the fund that is in dispute.

SO ORDERED this the 26th day of June, 2007.

_____
UNITED STATES DISTRICT COURT JUDGE